UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

---------------------------------------------------------
In Re:

WINDSOR MARKETING GROUP, INC.

Debtor
---------------------------------------------------------
PEOPLE'S UNITED BANK, NATIONAL
ASSOCIATION
    and
PEOPLE'S CAPITAL AND LEASING CORP.

    Movants

v.

WINDSOR MARKETING GROUP, INC.
    and
STATE OF CONNECTICUT DEPARTMENT
OF ECONOMIC AND COMMUNITY
DEVELOPMENT

    Respondents
---------------------------------------------------------

Chapter 11

Case No. 18-20022 (JJT)

RE: ECF No. 562

## ORDER GRANTING LIMITED EMERGENCY RELIEF FROM STAY TO PEOPLE'S UNITED BANK AND PEOPLE'S CAPITAL AND LEASING CORP.

    The Emergency Motion ("Motion," ECF No. 562) of People's United Bank, National Association and People's Capital and Leasing Corp. (collectively, "PUB") for an order under 11 § 362(d) granting PUB relief from the automatic stay to exercise its rights to protect and secure its collateral having been presented to this Court, and good cause appearing thereby, it is hereby

    ORDERED that the Motion is granted for cause shown under 11 U.S.C. § 362(d)(l)

and the automatic stay is hereby modified to permit PUB to take customary, necessary, and commercially reasonable measures to secure and protect its Collateral (as defined in the Motion) *in place,* including but not limited to:

    (a) Posting the Property and/or Collateral to prohibit entry or removal of contents without Court order or permission of PUB;

    (b) Securing the Property and/or Collateral with guards, commercially reasonable monitoring, security equipment, and/or changes in keys, codes, passwords, or the like;

    (c) Inventorying, assessing, appraising, preserving, and/or maintaining the Collateral from waste or deterioration;

    (d) Securing and charging to the Debtor such insurance(s), at commercially reasonable costs, as are reasonable or necessary to protect PUB's interest in the Collateral; and

    (e) Prohibiting entry upon the Property after August 6, 2019 at 12:00 P.M. of agents, officers, and employees of the Debtor absent further order of the Court or permission of PUB.

And it is FURTHER ORDERED that, to the extent business records in the form of electronic data are part of the Collateral, PUB is permitted to inventory and copy such data and retain the medium off-site.

And it is FURTHER ORDERED that the Debtor is directed to promptly provide such Notices as might be required by law or are reasonable or customary under the circumstances so as to advise its employees, customers, and vendors of its closure and wind-down.

And it is FURTHER ORDERED that PUB is authorized to issue notices of default or its election of remedies.

And it is FURTHER ORDERED that the Debtor is directed to reasonably cooperate in the above measures and to deliver copies of any keys, codes, passwords, or the like necessary to effectuate these objectives and to terminate any and all employee access to the Property and/or Collateral and computers related to the Debtor's business operations.

And it is FURTHER ORDERED that the Debtor is to assemble and preserve in safe storage its books and records and to terminate any other access thereto.

And it is FURTHER ORDERED that the Debtor is directed to promptly meet and confer with PUB in good faith to address and consider other measures regarding an orderly, efficient, and commercially reasonable closure and wind-down of the business and the financing of the same.

And it is FURTHER ORDERED that PUB may not dispose of, transfer, or destroy any Collateral except upon further Order of this Court after motion, notice, and hearing.

And it is FURTHER ORDERED that, in the interests of justice, fairness, and because of the exigencies presented by this closure and wind-down, the Court waives the 14-day stay of its decision under Fed. R. Bankr. P. 4001(a)(3).

Dated at Hartford, Connecticut this 6th day of August, 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut